UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CRIMINAL NO. 05-39-DLB

UNITED STATES OF AMERICA                                    PLAINTIFF

VS.

JAMES KEVIN MEGET                                           DEFENDANT

### REPORT AND RECOMMENDATION

On May 7, 2014 this matter came on for an evidentiary hearing on petition of the United States Probation Office that the defendant, JAMES KEVIN MEGET, show cause why his supervised release should not be revoked. The defendant was present in Court and represented by Dave Fessler and the United States was present through Assistant United States Attorney Jason Denney. The proceedings were recorded by Digital Audio Court Recording and conducted pursuant to 18 U.S.C. § 3401(I). Oral argument was presented by counsel and the defendant admitted violating the terms of his supervised release as set out in the April 28, 2014 violation report of U.S.P.O. John D'Alessandro.

After pleading guilty to Possession of Child Pornography defendant was sentenced on September 28, 2005 to 120 months incarceration followed by a life term of supervised release. The defendant's term of supervised release began on January 9, 2014. On January 23, 2014 Meget agreed to a modification of his conditions of supervised release and the Court also agreed to the modification which included the Eastern District of Kentucky's standard sex offender conditions. Defendant now stands charged with the following violations:

**VIOLATION #1: THE DEFENDANT SHALL NOT POSSESS, VIEW, LISTEN TO, OR GO TO LOCATIONS WHERE ANY FORM OF PORNOGRAPHY, SEXUALLY STIMULATING PERFORMANCES, OR SEXUALLY ORIENTED MATERIAL, ITEMS, OR SERVICES ARE AVAILABLE.**

After his release from custody, Meget resided at his parents' residence which had been rented by family members during defendant's incarceration. Defendant's parents are deceased. Many of Meget's possessions were strewn in the basement of the residence and U.S.P.O. D'Alessandro instructed defendant that if he encountered contraband while cleaning up the residence, he should immediately dispose of the items and notify probation. He was warned that polygraphs would be administered during this supervision. On April 8, 2014 Meget submitted to a polygraph examination during which he admitted locating and viewing pornographic VHS tapes. On April 9, 2014 he was confronted with the information obtained during the polygraph testing and he admitted to viewing about 15 different VHS tapes which contained adult pornography. He reviewed the tapes on several occasions over a period of one month.

**VIOLATION #2: THE DEFENDANT SHALL NOT POSSESS OR USE A COMPUTER OR ANY ELECTRONIC DEVICE WITH ACCESS TO ANY "ON-LINE COMPUTER SERVICE" AT ANY LOCATION (INCLUDING PLACE OF EMPLOYMENT) WITHOUT THE PRIOR WRITTEN APPROVAL OF THE PROBATION OFFICER. THIS INCLUDES ANY INTERNET SERVICE PROVIDER, BULLETIN BOARD SYSTEM, OR ANY OTHER PUBLIC OR PRIVATE NETWORK OR E-MAIL SYSTEM.**

During the April 8, 2014 polygraph, Meget admitted to traveling to the Kenton County library in Covington and accessing the internet. On April 9, 2014 when confronted with the information obtained during the polygraph testing, defendant admitted visiting the Kenton County library on at least 5 separate occasions and accessing the internet without permission from the middle to the end of March, 2014. Defendant indicated he was on yahoo.com searching for current/former inmates and attempting to locate former friends who were not incarcerated. He

recalled other on-line internet activity including visiting Amazon.com searching for books, health care insurance information, and adult-dating websites. Meget had not been given permission to access the internet at any location other than the U.S. Probation Office.

**VIOLATION #3: THE DEFENDANT SHALL NOT ASSOCIATE WITH ANY PERSONS ENGAGED IN CRIMINAL ACTIVITY AND SHALL NOT ASSOCIATE WITH ANY PERSON CONVICTED OF A FELONY, UNLESS GRANTED PERMISSION TO DO SO BY THE PROBATION OFFICER**.

During the April 8, 2014 polygraph, Meget admitted to searching out and contacting known convicted felons. On April 9, 2014 he admitted to corresponding with several current or former inmates. Meget provided six letters he received from five different inmates currently incarcerated in the Bureau of Prisons or the Kentucky Department of Corrections, and admitted to writing letters to inmates. Meget did not have permission to correspond with any of the inmates, five of the letters being post-marked after his release from custody.

The parties have reached an agreement as to the appropriate punishment for the above infractions, and the Court being satisfied from dialogue with the defendant that he understands the nature of the charges pending against him, has had ample opportunity to consult with counsel, and enters this agreement knowingly and voluntarily, accordingly;

**IT IS RECOMMENDED:**

1. That the defendant be found to have violated the terms of his supervised release as set out above and that it be REVOKED;

2. That the defendant, JAMES KEVIN MEGET be sentenced to the custody of the Attorney General for a period of **SIX (6) MONTHS** with supervised release for life to follow;

3. That the sentence be served at FCI-Ashland, Kentucky in the discretion of the Bureau of Prisons;

4. The following conditions of supervised release shall be re-imposed:

   Sex Offender Treatment

   a. The defendant shall participate in a program for treatment of mental health/sexual disorders; shall undergo a sex offender risk assessment, psychosexual evaluation and/or other evaluation as needed; shall be subject to periodic polygraph examinations and/or Computer Voice Stress Analysis (CVSA) testing, at the discretion and direction of the probation officer; and, shall follow the rules and regulations of the sex offender treatment program as implemented by the probation office.

   Residence Restriction

   b. The defendant's residence and employment shall be pre-approved by the probation officer and in compliance with state and local law.

   Restricted Contact with Minors

   c. The defendant shall not frequent, volunteer, or work at places where children under the age of 18 congregate (e.g. playgrounds, parks, day-care centers, public swimming pools, youth centers, video arcade facilities) unless approved by the probation officer, and shall have no contact with victims.

   d. The defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18 without the permission of the probation officer. This provision does not encompass persons under the age of 18 such as ticket vendors, cashiers, waiters, etc. with whom the defendant must deal in order to obtain ordinary and usual commercial services.

### Restricted Materials

e. The defendant shall not possess, view, listen to, or go to locations where any form of pornography, sexually stimulating performances, or sexually oriented material, items, or services are available.

f. The defendant shall not possess or use a device capable of creating pictures or video, without the approval of the probation officer.

### Restricted Access

g. The defendant shall not rent or use a post office box or storage facility, without the approval of the probation officer.

### Sex Offender Registration

h. The defendant shall register as a sex offender as prescribed by state law.

### Electronic Device Restrictions

I. The defendant shall not possess or use a computer or any electronic device with access to any "on-line computer service" at any location (including place of employment) without the prior written approval of the probation officer. This includes any Internet Service provider, bulletin board system, or any other public or private network or email system.

j. The defendant shall consent to the U.S. Probation Office conducting unannounced examinations of any and all electronic devices (i.e. computer system(s), internal/external storage devices, hand-held devices, etc.), which may include retrieval and copying of all memory from hardware/software and/or removal of such system(s) for the purpose of conducting a more thorough inspection and will consent to having installed on his computer(s) or electronic devices any hardware/software to monitor device use or prevent access to particular materials, and to consent to periodic inspection of any such installed hardware/software to insure it is functioning properly.

k. The defendant shall provide the U.S. Probation Office with accurate information about his entire computer system (hardware/software) and all electronic devices; all account user names; all passwords used by him; and will abide by all rules of the Electronic Device Restriction and Monitoring Program.

Search/Seizure

l. The defendant shall submit his person, residence, office, vehicle, or any property under his control to a search conducted by the United States Probation Office, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation of supervision. The defendant shall inform any other residents that the premises may be subject to searches pursuant to this condition.

Financial Disclosure

m. The defendant shall provide the probation officer with access to any requested financial information. This special condition for financial disclosure is recommended as a means to equip the U.S. Probation Office with tools to diminish the defendant's ability to circumvent the prescribed conditions of release.

5. Defendant having waived his right of allocution as well as fourteen (14) day objection period, this file be returned to the chambers of Judge David L. Bunning for further order.

This 8th day of May, 2014.

Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge